IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AUBREY LUNSFORD, | * |
| Plaintiff, | * |
| vs. | * |
| CITY OF BOWMAN, *et al.*, | * |
| Defendants. | * |

CASE NO. 3:25-CV-21 (CDL)

O R D E R

The Court previously dismissed Aubrey Lunsford's claims that arose from the City of Bowman's decision to deny him permission to build twelve commercial poultry houses within the city limits. *Lunsford v. City of Bowman*, No. 3:25-CV-21 (CDL), 2025 WL 2394884, (M.D. Ga. Aug. 18, 2025). In their prior motion to dismiss, Defendants did not explicitly seek dismissal of Lunsford's 42 U.S.C. § 1983 procedural due process claims based on (1) the City's withholding of occupancy and completion certificates for Lunsford's storage building or (2) the City's refusal to build gas mains on Lunsford's property. The Court permitted the City to file a second motion to dismiss, which is now pending before the Court. As explained below, the second motion to dismiss (ECF No. 14) is granted. Also pending before the Court is Lunsford's motion for leave to amend (ECF No. 17), which is denied.

**I.   The City's Second Motion to Dismiss (ECF No. 14)**

   A.   <u>Factual Allegations</u>

For purposes of the present order, the following factual allegations are relevant. The Court accepts these allegations as true and must determine whether they contain enough factual matter to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In 2022, Lunsford applied for and obtained a conditional use permit to construct a storage building on his property in the City. Compl. ¶¶ 46-47, ECF No. 1. At some point before he filed this action in February 2025, Lunsford completed construction of the storage building. *Id.* ¶ 101. Lunsford alleges that after he completed the storage building, the City "refused to issue certificates of completion or occupancy . . . by making one baseless excuse after another." *Id.* ¶ 107. He further asserts that "the City has refused and continually refuses to issue certificates of occupancy and completion" for the storage building. *Id.* ¶ 171. Lunsford argues that the City's refusal to issue the certificates is a violation of his due process rights.

In 2023, Lunsford and the City entered a natural gas agreement under which the City agreed to install natural gas mains on Lunsford's property. *Id.* ¶¶ 75-79. The City, though, refuses to build the gas mains, and Lunsford asserted in his complaint that this refusal violated his due process rights. *Id.* ¶ 170.

2

B.  Analysis

To survive a motion to dismiss his procedural due process claims, Lunsford must allege facts to show (1) a deprivation of a constitutionally protected property interest, (2) state action, and (3) constitutionally inadequate process. *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

Lunsford does not clearly oppose dismissal of his procedural due process claim based on the City's alleged breach of the natural gas agreement. In his response to Defendants' present motion to dismiss, Lunsford did not explicitly address this claim or point to any authority suggesting that a city's alleged breach of a contract to install new gas mains amounts to a deprivation of a constitutionally protected property interest. Even if he had adequately alleged that the City deprived him of a constitutionally protected property interest by failing to install the gas mains, Lunsford does not dispute that he has an adequate means to remedy the alleged deprivation: he can bring a state law breach of contract claim with a prayer for specific performance. Lunsford asserted such a state law claim in his complaint. Accordingly, the Court dismisses Lunsford's procedural due process claims that are based on the City's failure to install the gas mains.

The next claim is Lunsford's procedural due process claim based on the City's alleged refusal to issue certificates of occupancy and completion for his storage building. Again, Lunsford

alleges that after he constructed the storage building, the City refused to issue certificates of completion or occupancy. In his Complaint, Lunsford did not allege any facts about his pursuit of the certificates, such as when he applied for the certificates, how he applied for the certificates, or who communicated with him on behalf of the City. Lunsford also did not include such factual allegations in his response to the present motion to dismiss or in his motion for leave to file an amended complaint. He does allege that the City, through its mayor, offered "baseless excuse[s]" for the City's refusal to issue the certificates. Compl. ¶ 107.

The Court assumes for the purposes of the present order that Lunsford has a protected property interest in obtaining certificates of occupancy and completion for the storage building and that the City deprived him of those certificates by state action. The remaining question is whether Lunsford adequately alleged constitutionally inadequate process. A § 1983 procedural due process claim is not cognizable "if the state provides a means by which to remedy the alleged deprivation." *Foxy Lady, Inc.*, 347 F.3d at 1238; *accord Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (finding that a district court correctly dismissed a plaintiff's procedural due process claim because he did not present "any reason to believe that he could not receive a procedural remedy through a state court proceeding").

4

Defendants contend that Lunsford has several avenues for a state remedy, including an appeal of the City's denial of the certificates and a petition for a writ of mandamus. Lunsford argues that these remedies are not available to him, but he did not point to any factual allegations that support this argument. Under the City's zoning ordinance, the "Zoning Administrator shall sign and issue a Certificate of Occupancy" if the application meets certain requirements. Compl. Ex. B, Bowman Zoning Ordinance § 12.4, ECF No. 1-2. If a person is "aggrieved by any decision of Administrator or Building Inspector," he "shall have the right of appeal to Bowman Mayor and Council" after "the rendering of the decision." *Id.* § 15.7.1. If a person is "aggrieved by any decision of the Bowman Mayor and Council," he "shall have the right of appeal to the Elbert County Superior Court." *Id.* § 15.7.2. Lunsford alleges that he "fully constructed" the storage building, that he applied for certificates of completion and occupancy, that the City through its mayor "has refused to issue" such certificates, and that he is aggrieved by the refusal. Compl. ¶¶ 101, 107. Lunsford does not allege that he attempted to appeal this refusal under § 15.7.1 or § 15.7.2. Instead, he argues that he cannot appeal because he did not receive a denial in writing and the City did not take any enforcement action against him regarding the storage building. But Lunsford pointed to no provision in the zoning ordinance that would preclude him from

5

appealing a City representative's oral refusal to sign the certificates, and he did not allege that he attempted to appeal but was unable to do so. The Court is thus not convinced that Lunsford lacks a remedy under the zoning ordinance.

Even if Lunsford had alleged facts to show that the City is somehow preventing him from using the zoning ordinance's appeal procedures, then it is unclear why he could not seek a writ of mandamus as permitted by O.C.G.A. § 9-6-20. "Under Georgia law, when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed, a party may seek mandamus." *Cotton v. Jackson*, 216 F.3d 1328, 1332 (11th Cir. 2000) (per curiam). The remedy "is available when an official abuses his discretion." *Id.* Here, Lunsford alleges that City officials lacked a legitimate basis for denying his certificates of occupancy and completion, he contends that he does not have an adequate remedy under the zoning ordinance, and he wants to have a court compel City officials to issue the certificates. If the Court accepts these facts, there is still a remedy: mandamus.

Finally, Lunsford argues that mandamus is unavailable to him because he does not know who to name in such an action. This argument is borderline frivolous. Lunsford should name the official whose action he seeks to compel, the Zoning Administrator. *See* Bowman Zoning Ordinance § 12.4 (requiring the "Zoning Administrator" to "sign and issue a Certificate of Occupancy" if

6

the application meets certain requirements). The zoning ordinance defines the Zoning Administrator as the "city clerk or his/her designated representative, who is vested with the duty of administrating land use regulations within the incorporated areas of the City of Bowman." *Id.* § 13.1.1.58.

In summary, the Court finds that Lunsford's complaint fails to state a procedural due process claim. Defendants' second motion to dismiss (ECF No. 14) is therefore granted.

**II. Lunsford's Motion for Leave to Amend (ECF No. 17)**

After the City filed its second motion to dismiss, Lunsford filed a motion for leave to amend his complaint. He contends that even if his original complaint does not state a procedural due process claim, he could state such a claim if he were allowed to amend his complaint. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with leave of the court, and the "court should freely give leave when justice so requires." Lunsford argues that if the Court gives him leave to amend his complaint, he will add additional facts about the City's refusal to issue certificates of occupancy and completion. He did not set forth such facts in his motion for leave to amend, and he did not attach a proposed amended complaint setting forth such facts. A motion for leave to amend must "set forth the substance of the proposed amendment or attach a copy of the proposed amendment" so that the Court can evaluate it. *Wiand v. ATC Brokers Ltd.*, 96

7

F.4th 1303, 1312 (11th Cir. 2024) (quoting *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018)). Because Lunsford did not indicate what additional facts he intended to allege in his amended complaint—and certainly did not include any facts that would save his procedural due process claims—his motion for leave to amend (ECF No. 17) is legally insufficient and is thus denied.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion to dismiss Lunsford's remaining § 1983 claims (ECF No. 14), and the Court denies Lunsford's motion for leave to amend (ECF No. 17). The Court has now dismissed all claims over which it had original jurisdiction, and the Court declines to exercise supplemental jurisdiction over Lunsford's state law claims. *See* 28 U.S.C. § 1367(c)(3). The state law claims are dismissed without prejudice.

IT IS SO ORDERED, this 9th day of January, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA